UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEANDRA PITTMAN | CIVIL ACTION |
| VERSUS | No.: 17-9104 |
| SWAN RIVER, LLC | SECTION: "J"(3) |

**ORDER**

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** filed by Defendant, Swan River, LLC, and an opposition thereto (Rec. Doc. 7) filed by Plaintiff, Deandra Pittman. Defendant has also filed a reply (Rec. Doc. 12). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

Plaintiff originally filed this suit in the First City Court for the City of New Orleans against her former landlord, Swan River, LLC, after she was allegedly forced to vacate the property that she used for her massage business. According to Plaintiff what began as an amicable relationship with her landlord quickly took a turn for the worse after she hired an African-American employee. In particular, Plaintiff alleges that, *inter alia*, Defendant informed her that her lease would not be renewed unless she fired the African-American employee. As a result, Plaintiff alleges that she was forced to vacate the leased premises and move her business to a different location. Plaintiff alleges that

Defendant's actions were unlawfully discriminatory and "in violation of the laws of [Louisiana] and the United States." Plaintiff also alleges that Defendant's actions constituted a constructive eviction in violation of Louisiana law.

Defendant removed the lawsuit to this Court on the basis of federal question jurisdiction, and subsequently filed the instant motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Defendant argues that Plaintiff has failed to state a claim for relief because "[t]he Petition, as served and as filed into the record, does not contain Paragraph 6 or 7." (Rec. Doc. 6 at 2). Defendant further provides, "[o]ne may assume that those missing paragraphs would narrate some action on the part of the Defendant that caused the Plaintiff to vacate the premises and were otherwise unlawful." *Id.*

Although Plaintiff argues that she filed a complete Petition in the original state court proceeding, the record reflects that no such Petition has been filed in the case *sub judice*. Nevertheless, because the defect in Plaintiff's complaint can be cured, the Court finds it appropriate to grant Plaintiff leave to file an amended complaint. *See*, *e.g.*, *Pinson v. JPMorgan Chase Bank*, *N.A.*, No. 13-80720, 2014 WL 12620833, at *2 (S.D. Fla. March 26, 2014) (denying the defendant's 12(b)(6) motion regarding an incomplete complaint and instead ordering the plaintiff to file an

amended complaint); *Harris v. Corey*, No. 06-12024, 2008 WL 1702560, at *1 (D. Mass. March 31, 2008) (same). Accordingly;

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 6)** is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days to file an amended complaint.

**IT IS FURTHER ORDERED** that in light of Plaintiff's broad allegation that Defendant's actions were discriminatory and "in violation of the laws of [Louisiana] and the United States," Plaintiff's amended complaint shall state, with specificity, the federal causes of action she wishes to pursue.

New Orleans, Louisiana, this 10th day of August, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE