UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEANDRA PITTMAN                                    CIVIL ACTION

VERSUS                                             No.: 17-9104

SWAN RIVER, LLC                                    SECTION: "J"(3)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 18)** filed by Defendant, Swan River, LLC ("Defendant") and an opposition thereto (Rec. Doc. 19) filed by Plaintiff, Deandra Pittman ("Plaintiff"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation derives from Plaintiff's allegation that Defendant lessor engaged in unlawful discrimination resulting in the termination of Plaintiff's lease. Defendant operates yoga facilities at various locations in New Orleans. Defendant leased to Plaintiff space at its 2940 Canal Street studio for the operation of a massage business called the Peppermint Room. Defendant alleges that the lease terminated according to its terms. Plaintiff, however, asserts that she was forced to vacate the leased premises after Defendant informed her that the lease would not be renewed unless she fired her African American male employee.

Plaintiff originally filed this lawsuit against Defendant in the First City Court for the City of New Orleans. Defendant timely removed the action to federal court.

1

Defendant subsequently filed a motion to dismiss pursuant to Rule 12(b)(6). (Rec. Doc. 6). Determining that the defect in Plaintiff's complaint could be cured, this Court ordered Plaintiff to file an amended complaint in lieu of dismissal. (Rec. Doc. 15). This Court also directed Plaintiff to state, with specificity, the federal causes of action she wishes to pursue.[1] (Rec. Doc. 15). Thereafter, Plaintiff filed an amended complaint into the record. (Rec. Doc. 17). Defendant filed the instant motion to dismiss under Rule 12(b)(6), which Plaintiff opposes.

## **PARTIES' ARGUMENTS**

The movant asserts that the action must be dismissed because Plaintiff's amended complaint fails to set forth a cause of action upon which relief may be granted and is otherwise legally insufficient because it fails to set forth any facts upon which the allegations asserted could be true. (Rec. Doc. 18 at 1). Defendant first argues that dismissal is appropriate because Plaintiff's amended complaint fails to cure the defect in the original pleading in that it does not state any new facts that would support Defendant's liability for Plaintiff's claims. (Rec. Doc. 18-2 at 2). Specifically, Defendant alleges that the paragraphs in the amended complaint asserting that "[t]he defendant intentionally refused to renew a lease agreement with [Plaintiff] because [Plaintiff] employed an [A]frican [A]merican male" and that "Defendant never previously objected to [Plaintiff] hiring additional employees who were of other races and genders" do not constitute material facts. (*See* Rec. Doc. 18-2

---

[1] This order was entered in light of Plaintiff's broad allegation that Defendant's actions were discriminatory and "in violation of the laws of [Louisiana] and the United States." (Rec. Doc. 15 at 3).

at 2). Defendant next argues that Plaintiff's "bare and conclusory allegations … do[ ] not contain enough factual detail upon which to establish more than a sheer possibility that the Plaintiff can prevail in this action." (Rec. Doc. 18-2 at 3). Accordingly, Defendant asserts that the action should be dismissed given that the amended complaint fails to raise Plaintiff's right to relief above the speculative level. (Rec. Doc. 18-2 at 4).

In opposition, Plaintiff argues that dismissal is improper because the amended complaint cures the deficiencies in Plaintiff's original pleading. (Rec. Doc. 19 at 2). Plaintiff points specifically to paragraphs six and seven of the original pleading, which assert that Defendant advised Plaintiff that her African American male employee would not be permitted to freely enter and exit the premises, renewal of the lease was contingent upon Plaintiff's dismissal of her African American male employee, and the African American male employee had not caused any problems for Defendant or its customers. (*See* Rec. Doc. 7-1). Plaintiff also argues that the inclusion of paragraph two in the amended complaint constitutes compliance with this Court's directive in its August 10, 2018 Order to state with specificity the federal causes of action she wishes to pursue. (Rec. Doc. 19 at 2). Specifically, Plaintiff's amended complaint asserts that "[i]n addition to the state court claims asserted in the original petition, plaintiff asserts claim[s] against the defendant under 42 USC 1981, the 14th Amendment to the United States Constitution and Title VII of the Civil Rights Act of 1964." (Rec. Doc. 19 at 2).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*,

75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## **DISCUSSION**

Plaintiff's amended complaint asserts federal causes of action pursuant to the Fourteenth Amendment,[2] 42 U.S.C. § 1981, and Title VII. Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2. An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year…." 42 U.S.C. § 2000e. The term "employee" refers to an individual employed by an employer, subject to certain exceptions. *Id.* The plain language of Title VII makes clear that it does not provide Plaintiff with grounds for relief against Defendant in this case because Title VII provides a cause of action only against employers. *Labranche v. Dep't of Def.*, No. 15-2280, 2016 WL 614682, at *3 (E.D. La. Feb. 16, 2016); 42 U.S.C. §§ 2000e-2, 2000e-16. Here, Plaintiff has produced no evidence to suggest that there was an employer-employee relationship between

---

[2] Plaintiff makes no attempt to explain how Defendant's alleged actions trigger the Fourteenth Amendment. Because it is clear from a reading of the complaint that no state action is alleged, Plaintiff cannot invoke the protections of the Fourteenth Amendment as a basis for this lawsuit against Defendant.

5

Defendant and Plaintiff, which is necessary to trigger Title VII. Plaintiff was merely Defendant's lessee. Accordingly, Plaintiff has failed to state a claim under Title VII.

Plaintiff next asserts a cause of action against Defendant under § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The phrase "make and enforce contracts" encompasses "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The rights protected by § 1981 "are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). A plaintiff asserting a claim under § 1981 must first identify an impaired "contractual relationship" under which the plaintiff has a right. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1249, 163 L. Ed. 2d 1069 (2006).

Here, it appears from the face of the original petition and the amended complaint that there existed a contractual relationship between Plaintiff and Defendant in the form of a contract of lease. (*See* Rec. Docs. 7-1, 17). Taking as true Plaintiff's allegation that the contract terminated as a result of Plaintiff's refusal to dismiss her African American male employee, the complaint still fails to assert sufficient facts to show that Defendant's actions constituted intentional

discrimination on the basis of Plaintiff's employee's race as opposed to his gender or some other factor that is not covered under § 1981. Nevertheless, in light of the egregious conduct alleged and the parties' scant focus on the § 1981 claim in the briefs, the Court finds it appropriate to grant Plaintiff leave to file a second amended complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 18)** is **GRANTED**. However, the Court is granting Plaintiff fourteen (14) days from this date to file an amended complaint. If Plaintiff fails to file an amended complaint addressing the above-referenced deficiencies, then her claims shall be dismissed with prejudice.

New Orleans, Louisiana, this 9th day of April, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE